UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 07-4348(DSD/AJB)

Otha Eric Townsend,

      Petitioner,

v.  **ORDER**

Warden Lynn Dingle and
Attorney General Lori Swanson,

      Respondents.

    Otha Eric Townsend, #178964, MCF, 970 Pickett Street, Bayport, MN 55003-1490, pro se.

    Peter R. Marker, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 900, St. Paul, MN 55101, counsel for respondents.


This matter is before the court upon the pro se motion by Otha Eric Townsend for Rule 60(b) relief. Based on a review of the file, record and proceedings herein, and for the following reasons, the motion is denied.


**BACKGROUND**

In 1994, Townsend was convicted of first-degree murder in Minnesota court. See State v. Townsend, 546 N.W.2d 292, 295 n.1 (Minn. 1996). Townsend subsequently pleaded guilty to attempted second-degree murder. Id. Townsend appealed, and the Minnesota Supreme Court affirmed. Id. at 297. Specifically, the court determined that although prejudicial evidence was improperly admitted at trial, "other evidence of Townsend's involvement was so

overwhelming as to lead a reasonable jury to arrive at the verdict even without the prejudicial evidence." Id.

Thereafter, Townsend filed a habeas petition challenging the conviction. See Townsend v. Crist, No. 99-1175 (D. Minn. filed July 29, 1999) [hereinafter Townsend I]. In Townsend I, the court determined that the petition was time-barred under the one-year statute of limitations applicable to 28 U.S.C. § 2254 habeas petitions, and dismissed the action with prejudice. See id., ECF No. 8. Townsend appealed, and both the district court and the Eighth Circuit declined to issue a certificate of appealability (COA). The Supreme Court denied a writ of certiorari. See Townsend v. Crist, 531 U.S. 968 (2000).

On October 23, 2007, Townsend filed a second habeas petition. See Townsend v. Dingle, No. 07-4348 (D. Minn. filed Oct. 23, 2007) [hereinafter Townsend II]. In Townsend II, the magistrate judge recommended dismissal after determining that Townsend was attempting to file a successive petition without pre-authorization from the Eighth Circuit. See id., ECF No. 5, at 6. The district court adopted the report and recommendation, and dismissed the action with prejudice. See id., ECF No. 8, at 2. The district court and Eighth Circuit declined to issue a COA. The Supreme Court denied a writ of certiorari. See Townsend v. Dingle, 555 U.S. 1016 (2008).

On March 7, 2013, Townsend filed a Rule 60(b) motion, arguing that the Supreme Court's decision in <u>Martinez v. Ryan</u>, 132 S. Ct. 1309 (2012), established a "clear and authoritative change in the governing law regarding ... ineffective assistance of counsel." Pet'r's Mot. 3 (internal quotation marks omitted).

## DISCUSSION

After dismissal of a habeas petition and upon receipt of a purported Rule 60(b) motion, the court must determine whether the motion is actually a second or successive attempt at habeas relief. <u>See</u> <u>Boyd v. United States</u>, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam). If the motion is a successive habeas petition, the court must dismiss for failure to obtain Eighth Circuit authorization or transfer the motion to the Eighth Circuit. <u>Id.</u>

To properly file a request under Rule 60(b), the motion must challenge "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 532 (2005). In other words, a request that the court reconsider the merits of the original habeas petition in light of an alleged change in law is not permitted under Rule 60(b), as it fails to allege any defect in the integrity of the previous habeas proceeding. <u>Id.</u> at 530-31.

Here, Townsend argues that Martinez establishes a change in the law that entitles him to relief under Rule 60(b). Essentially, Townsend argues that his Rule 60(b) motion is proper because Martinez establishes that a claim for ineffective assistance of counsel establishes cause to excuse procedural default. Such an argument, however, does not challenge the integrity of his previous habeas proceeding, and the motion must be denied. See, e.g., id. at 532 n.4 (explaining that motion must show "that a previous ruling which precluded a merits determination was in error — for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar."); Ward v Norris, 577 F.3d 925, 933-34 (8th Cir. 2009) (same).

Moreover, even if Townsend had challenged the integrity of his federal habeas proceeding, there are no extraordinary circumstances present to justify Rule 60(b) relief. The petition was dismissed after the court determined that Townsend was attempting to file a successive petition without pre-authorization from the Eighth Circuit. In other words, even if the court could analyze Townsend's motion, it would fail because Townsend did not obtain Eighth Circuit pre-authorization prior to filing the original petition in 2007.

Having determined that the motion is a second attempt at a successive § 2254 motion, the court must also decide whether a COA should issue. An appeal cannot be taken from a final order denying

4

a motion under § 2254 without a COA.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Here, Townsend has made no such demonstration.  Therefore, a COA is not warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.  The motion for Rule 60(b) relief [ECF No. 22] is denied; and

2.  A certificate of appealability shall not issue.

Dated:  May 20, 2013

s/David S. Doty  
David S. Doty, Judge  
United States District Court